**WEST AFRICA NAVIGATION, LTD.,**
v.
**NACIREMA OPERATING CO., Inc.**
Civ. A. No. 28955.

United States District Court
E. D. Pennsylvania.
Feb. 24, 1961.

**132**

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa., for plaintiff.

Victor L. Drexel, for John B. Hannum, 3rd, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This matter is presently before the Court on defendant's motion to dismiss the plaintiff's complaint pursuant to F.R. Civ.P. 12(b), 28 U.S.C.A.

The operative facts upon which this case arose are as follows: A longshoreman, one Joseph Raymond, employed by Nacirema, was allegedly injured while discharging bales of wood pulp aboard plaintiff's vessel. Raymond subsequently instituted suit in this Court (Civil Action No. 25992), which is still pending, to recover damages for his injuries alleging that plaintiff was negligent and that the vessel was unseaworthy.

More than six months after plaintiff filed its answer to Raymond's complaint, it moved to join Nacirema as a third-party defendant on the theory of liability over, by way of indemnity, should Raymond recover. This motion was denied by the Court on October 26, 1960, pursuant to Local Rule 19.

Plaintiff thereupon filed the complaint in the present action against Nacirema demanding indemnity in the event of an adverse result in the pending longshoreman's suit averring that Nacirema permitted its employees who were unloading the bales to attach cargo hooks directly to the metal bands, and that this improper method of discharging such cargo caused one of the bands to break and drop a bale into the lighter where Raymond was working, thereby causing his injuries.

Defendant submits here that the action is premature in that a cause of action for indemnity has not yet accrued to plaintiff.

Plaintiff, however, has set forth several reasons in an effort to show that a cause of action presently exists. First, it is submitted that a cause of action exists here to the same extent as one exists in the longshoreman's action on the premise that if Raymond should recover, then plaintiff can in turn recover against defendant. Further, it is argued that Rule 14 of the Federal Rules of Civil Procedure and General Admiralty Rule 56, 28 U.S.C.A., by permitting the joinder of third parties, recognize that an inchoate cause of action for contribution or indemnity may exist in a situation such as we have here. Next, plaintiff contends that where there is an agreement to exonerate, which agreement arises by operation of law, then when a contractual duty is breached by the stevedoring company, a right of action comes into being prior to payment by the indemnitee. Finally, it is submitted that in a contract of indemnity against liability, as opposed to a contract of indemnity against loss or damage, no actual loss to the indemnitee need be shown before an action may be commenced.

■ Plaintiff correctly states that there is an implied contractual duty of a stevedoring company to perform its contracted services in a safe, proper and workmanlike manner aboard a vessel, and to indemnify the shipowner where this contractual duty is breached by the stevedoring company. See Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. It

would seem that it is upon this alleged breach of the implied contract that plaintiff brings the present action.

■ However, the fatal defect to plaintiff's argument is the assumption that defendant has breached its contractual duty. In the longshoreman's action a number of different results may be reached, only one of which would give plaintiff a cause of action for indemnity. It might be determined that neither plaintiff nor defendant are liable to Raymond, in which case no right of indemnity can arise. Or, it may be decided that Raymond's injuries were caused solely by the plaintiff's primary negligence and/or the unseaworthiness of plaintiff's vessel, not brought about by action of the defendant or its employees, which again would bar any action over against defendant. And it could be found that plaintiff and defendant were concurrent joint tortfeasors which would preclude any action between them. Halcyon Lines et al. v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318; Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 74 S. Ct. 202, 98 L.Ed. 143. Finally, it is possible that defendant may be held solely liable. But in any event it is obvious, because of these various contingencies, that we cannot permit plaintiff to pursue this action further at this time. Plaintiff is assuming a fact which is necessary of proof, namely, that defendant did breach its contractual duty.

■ There are other cogent reasons why plaintiff cannot now maintain this action. In Seavey & Scott's Notes on Restatement of Restitution, Section 77(1),[1] relied upon by plaintiff in advancing its argument concerning agreements to exonerate, the following comment appears: (p. 104)

"A secondary obligor has a conditional claim against the primary obligor before payment upon the obligation, although he has no cause of action for indemnity:"

It is quite clear from the authorities that before one can bring any action for indemnity, there must at least be a legal obligation fixed upon the indemnitor to pay.

Plaintiff, without attempting to show that the implied contract with defendant is one of indemnity against liability as distinguished from one against loss or damage, refers us to the following statement:

"The necessity for actual damage to the indemnitee as a condition to the liability of the indemnitor depends upon the terms or conditions contained in the contract, actual damage being required in the case of a strict contract of indemnity against loss or damage, and none in the case of an indemnity against liability." 27 Am.Jur. "Indemnity", Sec. 20.

But this does not mean, as plaintiff would have us believe, that the legal liability of the indemnitee need not first be established.

"Where the contract is one of indemnity against liability as distinguished from indemnity against loss or damage, it has very generally been held that an action may be brought and recovery had as soon as the liability is legally imposed. And it is sufficient to show that a judgment has been recovered against the person indemnified, although such judgment remains unpaid. But a mere claim or demand against an indemnitee when no legal liability exists does not give rise to a right to indemnity under an agreement to indemnify against liability in the

---

1. Restatement of Restitution, Section 77:
   "(1) A person who, in whole or in part, has discharged a duty owed by him but which, as between himself and another, should have been discharged by that other, is thereupon entitled to indemnity if the time for performance has arrived."

sense of accrued liability." 27 Am. Jur. "Indemnity", Sec. 22.

And the following statement by Chief Judge Leahy in Sorensen v. Overland Corp., D.C.1956, 142 F.Supp. 354, at page 361,[2] is in keeping with what has been previously said:

"Indemnity contracts are 1. against *liability*, or 2. indemnity against *loss* or *damage*. The distinction between the two is obvious. Indemnity against liability accrues and the statute of limitation begins to run when indemnitor-liability becomes fixed and ascertained or as soon as the debt becomes due. Indemnity against loss or damage does not accrue (nor does the statute begin to run) until the indemnitee has made payment or has actually suffered loss or damage."

So regardless of what type contract existed between plaintiff and defendant, it is clear that there must first be a legal liability imposed on the indemnitee. The complaint is therefore premature until such time as this should occur, and, defendant's motion to dismiss must be granted.

Magavern, Magavern, Lowe and Beilewech, Buffalo, N. Y. (Joseph McNamara, Buffalo, N. Y., of counsel), for petitioner Central Carting Co., Inc.

Edward B. Murphy, Buffalo, N. Y., for respondent Escro Storage and Cartage, Inc.

Thomas M. Donovan, Buffalo, N. Y., for trustee.

2. Affirmed Sorensen v. Overland Corp., 3 Cir., 1957, 242 F.2d 70.