**MITSUI STEAMSHIP CO., Ltd., also known as Mitsui Line**

v.

**JARKA CORPORATION OF PHILADELPHIA.**

No. 7 of 1962.

United States District Court
E. D. Pennsylvania.

June 14, 1963.

Rawle & Henderson, Richard W. Palmer, Philadelphia, Pa., for libellant.

Clark, Ladner, Fortenbaugh & Young, H. Wallace Roberts, Philadelphia, Pa., for respondent.

KRAFT, District Judge.

This action in admiralty is before us on respondent's exceptive allegations and motion to dismiss.

The operative facts giving rise to this action may be briefly stated. In July 1960, Mitsui & Co., Ltd., filed a libel against libellant and its vessel, among others, in the United States District Court for the Southern District of New York, alleging damage to its cargo during its ocean carriage by libellant. Respondent, Jarka Corporation of Philadelphia, had discharged the cargo in Philadelphia, pursuant to a contract with libellant for stevedoring services. The contract provided, inter alia, that the stevedore "will be legally liable for * * * damage to cargo, or loss of cargo overside through its negligence." Libellant attempted to bring the respondent into the New York action under Admiralty Rule 56, but was unable to obtain service. Libellant thereupon gave respondent due notice of the demand made in the New York action and requested it to appear and defend therein, to which notice and request respondent made no response.

Libellant then filed the present suit against Jarka claiming indemnity in the event of an adverse result in the pending New York action, averring that if any damage was sustained by the New York libellant, "it was sustained while the merchandise referred to was in the care, custody and control and under the re-

sponsibility of respondent herein and its agents, servants or employees, or was the result of acts or omissions of said respondent and said agents, servants or employees."

Respondent contends, inter alia, that the libel fails to state a cause of action, and that this Court lacks jurisdiction of the subject matter of the suit.

We agree with respondent that this Court's decision in West Africa Navigation, Ltd. v. Nacirema Operating Co., 191 F.Supp. 131 (E.D.Pa.1961), is dispositive of the present issue. In that case, an injured longshoreman sued West Africa alleging negligence and unseaworthiness. While that suit was pending, West Africa brought action against Nacirema demanding indemnity in the event of an adverse result in the longshoreman's suit, averring that Nacirema's improper method of discharging the cargo was the cause of the longshoreman's injuries. Judge (now Chief Judge) Clary granted defendant's motion to dismiss after a thorough review of the authorities, in which he pointed to the distinction between indemnity against *liability* and indemnity against *loss* or *damage*. The substance of the Court's ruling appears in the last paragraph of the opinion (191 F.Supp. p. 134):

> "So regardless of what type contract existed between plaintiff and defendant, it is clear that there must first be a legal liability imposed on the indemnitee. The complaint is therefore premature until such time as this should occur, and, defendant's motion to dismiss must be granted."

Libellant seeks to distinguish West Africa on the grounds that that case was on the civil side of the Court, and, moreover, that West Africa's own neglect prevented it from joining Nacirema as a third-party defendant. We regard neither ground as determinative. The decisive factor in both cases is the absence of a present *cause of action*. A cause of action, for these purposes, may be defined as "the unlawful violation of a right which the facts show." Hurn v. Oursler, 289 U.S. 238, 246, 53 S.Ct. 586, 590, 77 L.Ed. 1148 (1933). The facts alleged, here as in West Africa, failed to show the unlawful violation of a right, i. e., a right to indemnity against either liability or loss or damage.

Libellant, admittedly, relies mainly on Moran Towing & Transportation Co. v. United States, 56 F.Supp. 104 (S.D.N.Y. 1944). In that case, the owner of a pier brought an action for damages against Moran in a New York State Court. Moran, claiming indemnity, gave the United States due notice and requested it to defend, but the latter made no response. While the State Court action was still pending, Moran filed its libel under the Suits in Admiralty Act. The Court sustained the action, but ordered that "the trial of this action should be stayed until after the liability of the libellant is finally determined in the State Court action." (56 F.Supp. p. 106).

We are not persuaded that Moran is sound precedent here, particularly in view of this Court's decision in West Africa, supra. Moreover, there was present in Moran a consideration not urged here (56 F.Supp. p. 106):

> "There is a possibility here that the statute of limitations may run against this action. The authorities upon that subject are somewhat conflicting, and it does not seem right that this court should preclude libellant from a recovery of it is entitled to one."

It is to be noted that libellant suggests a course of procedure for which even Moran affords no precedent. On page 5 of its brief, libellant states that "there are substantial advantages to both Jarka and Mitsui by permitting this suit to proceed along with the litigation in New York while all witnesses and documents are now available here", and that if this libel is upheld, "the vessel witnesses would only need to be produced on one occasion and their testimony would be applicable to both suits." It is apparent, however, that until the legal liability of libellant to Mitsui & Co., Ltd., is first determined in the New York litigation,

the instant suit is nothing more than an abstraction.

Libellant urges, alternatively, that, in its capacity as ocean carrier and bailee of the cargo, it has standing in a suit against respondent for the alleged damage to the cargo. The argument is irrelevant. The libel is not predicated on any such theory of liability, but rather on an alleged right to indemnity.

## ORDER

Now, this 13th day of June 1963, it is ordered and decreed that respondent's exceptive allegations and motion to dismiss are sustained, without prejudice, however, to the right of libellant to file an amended libel.