## ELLERMAN LINES, LTD.
### v.
## ATLANTIC & GULF STEVEDORES, INC.
### No. 363 of 1963.

United States District Court
E. D. Pennsylvania.

Nov. 21, 1963.

Krusen, Evans & Byrne, Philadelphia, Pa., for libellant.

Francis E. Marshall, Philadelphia, Pa., for respondent.

VAN DUSEN, District Judge.

This action is now before the court on respondent's Exceptions and Exceptive Allegations filed when libellant shipowner had commenced, on June 3, 1963, this admiralty action after an employee of the respondent stevedoring company, alleging that he had been injured upon the libellant's ship, had instituted a civil action against libellant.[1] The employee's action has not been tried, nor has there been a final determination of liability.

As a result of that civil action pending against libellant, libellant filed this admiralty action alleging that the injury to the employee and the resulting litigation are due to the respondent's negligence, breach of a maritime contract, and breach of its maritime obligation. Libellant asks for those expenses already incurred[2] and "for such additional sums as it may be required to pay hereafter by reason of the said negligence and breach of contract on the part of the respondent and the resultant litigation

---

1. Eckles v. Ellerman Lines, Ltd., Civil Action No. 32162 (U.S.D.C., E.D.Pa., filed 10/10/62).

2. $283.29 incurred for costs and legal fees (Document 6).

brought against the libellant by the * * * [employee]."[3] Respondent has filed Exceptions to the Libel,[4] alleging, inter alia, that the Libel seeking indemnification is premature.[5]

■ The general rules of law applicable to this case may be simply stated: in the first place, the ship may not be liable to the employee; in the second place, a stevedore is not an insurer[6] but he is obligated to reimburse the ship for damages caused it, for example, by the stevedore's negligence or breach of warranty of workmanlike service,[7] or, if the stevedore brings into play the condition causing the injury, he is liable to indemnify the vessel.[8] Whether or not the stevedore was negligent and whether or not the stevedore's negligence breached any duty to the ship's owner is a question of fact to be determined by the trial court.[9] On the other hand, even if the stevedore was negligent and/or breached a warranty to the ship, it must be noted that certain conduct on the part of the ship owner can preclude his right to recovery.[10]

■■ To obtain indemnity, a loss by the indemnitee (in this case, liability of the shipowner to the employee), as well as a breach of duty must be shown. Since neither such loss nor such breach of duty has been shown on this record, libellant has no cause of action at this time.[11] There is no doubt that, if this were a civil action, it should be dismissed, as Chief Judge Clary has stated the rule of this court in such a situation as follows:

" * * * the fatal defect to plaintiff's argument is the assumption that defendant has breached its contractual duty. In the longshoreman's action a number of different results may be reached, only one of which would give plaintiff a cause of action for indemnity. It might be determined that neither plaintiff nor defendant are liable to Raymond, in which case no right of indemnity can arise. Or, it may be decided that Raymond's injuries were caused solely by the plaintiff's primary negligence and/or the unseaworthiness of plaintiff's vessel, not brought about by action of the defendant or its employees, which again would bar any action over against defendant. And it could be found that plaintiff and defendant were concurrent joint tortfeasors which would preclude any action between them. * * * Finally, it is possible that defendant may be held solely liable. But in any event it is obvious because of these various contingencies, that we cannot permit plaintiff to pursue this action further at this time. Plaintiff is assuming a fact which is necessary of proof, namely, that defend-

3. Document 1, page 2.

4. Document 4.

5. Other grounds, such as the coverage or exclusion of the indemnity provision, afforded by the contract between libellant and respondent (attached to Document 4) need not be discussed in light of this opinion.

6. Cia Maritima Del Nervion v. James J. Flanagan Ship. Corp., 308 F.2d 120 (5th Cir. 1960).

7. Ryan Stevedoring Co. v. Pan-Atlantic Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956).

8. Crumady v. The J. H. Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959).

9. Atlantic & Gulf Stevedores v. Ellerman Lines, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); Crumady v. The J. H. Fisser, supra fn. 8.

10. Weyerhaeuser SS. Co. v. Nacirema Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958).

11. Crawford v. Pope & Talbot, Inc., 206 F.2d 784 (3rd Cir. 1953).

ant did breach its contractual duty."[12]

Although this is not a civil suit, but one in admiralty, this court is bound by a prior admiralty decision of the Eastern District of Pennsylvania, which decided the same issue presented herein, since the parties have not shown any significant difference in the record in that suit as opposed to the record in this action. In Svenska Amerika Linien v. J. A. McCarthy, Inc., No. 27 of 1962 in Admiralty (U.S.D.C., E.D.Pa.), Judge Freedman dismissed, by Order of May 11, 1962 (Document 4), that libellant's claim, relying upon West Africa, supra. Neither the search made by the court nor the briefs and oral argument made by counsel have revealed authority for the proposition argued by libellant; namely, that admiralty will entertain an action for indemnity when the principal liability has not been ascertained and there has been no showing of impaired financial responsibility of a resident respondent.

While it is true that libellant has been required to spend certain sums of money to defend the employee's action against itself, this alone does not give rise to a cause of action for indemnification.[13] If, ultimately, it should be found that respondent has breached a duty it owes to the libellant, then libellant will be indemnified for its costs and reasonable counsel fees,[14] but until the breach of duty and the right to indemnification are shown, libellant does not have a present claim and the action will be dismissed.

12. West Africa Navigation, Ltd. v. Nacirema Operating Co., 191 F.Supp. 131, 133 (E.D.Pa.1961).

13. The law does not permit a defendant who is unjustly sued to recover legal expenses incurred in defending the claim. There is no assurance that the employee will secure a recovery against the shipowner. If no such recovery is made by

the employee, it is most unlikely that libellant would have any claim against respondent, especially in a case such as this, where the Libel complains of defective "winches, lines, gear and appurtenances" (see par. 7 of Complaint, Document 1, C.A. 32162).

14. Shenker v. United States, 322 F.2d 622 (2nd Cir. 1963).