UNITED STATES of America, Libelant,

v.

NORTHERN METAL COMPANY, Respondent.

No. 197 of 1963.

United States District Court
E. D. Pennsylvania.

Nov. 22, 1963.

As Amended Jan. 9, 1964.

injured party. They are not persuasive on the issue before us.

The remainder of the libellant's contentions are without merit.

## ORDER

And now, this twenty-second day of November, 1963, after consideration of oral argument and the briefs of counsel, it is ordered that respondent Northern Metal Company's Exceptions to the Libel of the United States of America be and the same are hereby sustained and the Libel is dismissed without prejudice.

---

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., Alan Raywid, and Daniel E. Leach, Admiralty & Shipping Sec., Dept. of Justice, Washington, D. C., for libellant.

John B. Brumbelow, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for respondent.

BODY, District Judge.

On May 1, 1959 one Albert Mascuilli, a longshoreman employed by respondent, was injured and as a result subsequently died. His estate brought suit on June 4, 1959 against the United States of America alleging that the vessel, USNS MARINE FIDDLER, was liable.

On March 11, 1963 libellant filed the instant action which is based on the theory that respondent is legally obligated to indemnify the United States.

There is no doubt that the right to indemnification may arise, and often does, in cases of injury arising out of the unloading of vessels. However, it is well settled in this District that such an action is premature when trial is pending in the original action against the vessel. West Africa Navigation, Ltd. v. Nacirema Operating Co., 191 F.Supp. 131 (E.D.Pa.1961). It is to be noted that neglect in the failure to seek timely joinder of the stevedore created the problem in that case, as it seems to have done here. Also see Mitsui Steamship Co., Ltd. v. Jarka Corporation of Philadelphia, 218 F.Supp. 424 (E.D.Pa.1963).

The cases cited by libellant involve suits where settlement was effectuated in the original action brought by the

