**GREENWICH MARINE, INCORPORAT-ED, Libelant,**

v.

**S.S. ALEXANDRA, her engines, boilers, etc., Fidelity Shipping Company, Ltd., and Ministry of Supply of the United Arab Republic, Respondents.**

United States District Court
S. D. New York.
Jan. 17, 1964.

Lord, Day & Lord, New York City, for libelant and petitioner, Woodson D. Scott, New York City, of counsel.

Zock, Petrie, Sheneman & Reid, New York City, for claimant-respondent Fidelity Shipping Co., Ltd., James D. Hanlon, New York City, of counsel.

Poles, Tublin & Patestides, New York City, for respondent Ministry of Supply of United Arab Republic, Melvin J. Tublin, New York City, of counsel.

WYATT, District Judge.

Two motions and a petition are before the Court, in order of their service and filing as follows:

(1) a motion by claimant and respondent Fidelity to sustain its exceptions and to dismiss the libel as against it and as against the S.S. Alexandra (owned by Fidelity) because the averments of the libel are insufficient to constitute a cause of action (Supreme Court Admiralty Rule 27);

(2) a motion by respondent Ministry of Supply, etc. for a stay of proceedings in the suit so far as the Alexandra and Fidelity are concerned and for an order directing that arbitration take place solely between libelant and the Ministry; and

(3) a petition by libelant for an order, said to be asked under 9 U.S.C. §§ 4 and 8, directing each of the respondents to proceed to arbitration, appointing arbitrators for respondents where they fail to do so, and retaining jurisdiction to make a degree upon the award.

The suit was commenced by the filing of a "libel and petition" on July 19, 1963.

The libelant (Greenwich Marine) named as respondents the vessel S.S. Alexandra, Fidelity Shipping Company,

Ltd. ("Fidelity"), and Ministry of Supply of the United Arab Republic ("Ministry"). It was averred that Greenwich Marine had chartered from Fidelity (as owner) under date of December 14, 1962 the Alexandra for a voyage from Albany, New York, to ports in the United Arab Republic; that under the same date Greenwich Marine had chartered the Alexandra to the Ministry for the same voyage; that the vessel made the voyage; that the Ministry owes Greenwich Marine $92,766.69 as due and unpaid freight; that the charterparty with the Ministry contained an arbitration clause and that Greenwich Marine had demanded arbitration of the freight claim dispute and had appointed an arbitrator but the Ministry had made no response and had appointed no arbitrator; that the Ministry had made a claim against Greenwich Marine for $267,787.35 for alleged cargo damage; that *if* there be any liability on Greenwich Marine to the Ministry for cargo damage (and it denies that there is any such liability) then Fidelity as owner would be liable over to Greenwich Marine for any liability of Greenwich Marine to the Ministry; that Greenwich Marine has notified Fidelity of the claim made by the Ministry and has itself made claim against Fidelity and the vessel; that the charterparty with Fidelity contained an arbitration clause; that Greenwich Marine has demanded arbitration of "the dispute" with Fidelity and the vessel concerning the liability of Fidelity to Greenwich Marine for any liability Greenwich Marine "*may* suffer or incur" (emphasis supplied) on the claim made against it by the Ministry; that Fidelity has failed to respond to the demand for arbitration; that Greenwich Marine "has sustained damages" of $92,766.69 because of non-payment of freight by the Ministry; and that Greenwich Marine "has sustained *or may* sustain damages in the sum of $267,787.35 *or in such other sum* as *may* be determined as the amount of any loss or damage to said cargo for which Libellant is or *may become* liable to the Ministry * * *" etc. (emphasis supplied).

The libel recites that it is filed under the Federal Arbitration Act (9 U.S.C. § 1 and following).

Demand is made for an order under Section 4 of the Act (9 U.S.C. § 4) directing arbitration and under Section 5 of the Act (9 U.S.C. § 5) appointing arbitrators for respondents. Demand is also made under Section 8 of the Act (9 U.S.C. § 8) that the vessel be seized and that property of the Ministry be seized.

It is to be noted that as to the cargo damage claim for $267,787.35 made against libelant by the Ministry, neither the time of such claim nor the manner of its making is alleged. It does not appear that any suit has been commenced against *libelant* by the Ministry. In fact, from other papers, it appears that the Ministry has brought suits on the cargo damage claim against the vessel Alexandra and Fidelity as her owner; one such suit has been brought in the United Arab Republic and another in the United States District Court for the Eastern District of New York; in each suit security of at least $270,000 has been posted for the vessel.

In the suit at bar, as soon as the libel was filed and on July 19, 1963 the vessel was seized and attached. Security was then posted and the vessel was released. Proctors entered a general appearance for Fidelity, which filed a claim as owner to the vessel Alexandra; other proctors entered a general appearance for the Ministry and the Ministry appointed its arbitrator for the claim of Greenwich Marine for freight. Exceptions were filed by Fidelity on the grounds that the libel failed to state a cause of action against the vessel and Fidelity and also that the libel failed to show a maritime lien against the vessel to justify an *in rem* suit against her.

The two motions and the petition then followed.

### Motion by Fidelity to dismiss the libel

This motion is granted on the ground that no cause of action is stated in the

libel against the vessel or against Fidelity, its owner.

Libelant has apparently proceeded on the mistaken theory that a libel under Section 8 is simply an alternative to Section 4 for securing an order directing arbitration, having the advantage of enabling the party seeking to compel arbitration to obtain security against a possible eventual award. Libelant argues that its procedure "is identical with that used in the Dreyfus case [Marine Transit Co. v. Dreyfus], 284 U.S. 263 [52 S.Ct. 166, 76 L.Ed. 282]" but, as will be seen, this is not true.

■ A libel under Section 8 must state a cause of action just as any other properly pleaded libel. The cause of action to be stated in a libel under Section 8 is not simply for an order directing arbitration; it is the independent cause of action which a party believes it has and in respect of which a contract between the parties provides for arbitration. The purpose of Section 8 is to permit a party having an admiralty cause of action to commence a suit in admiralty, despite an agreement to arbitrate, so that "the vessel or other property" may be seized and held as security until the arbitration is concluded. A libel stating a good cause of action having been filed and the vessel or other property having been seized, "the court shall then have jurisdiction to direct the parties to proceed with the arbitration * * *", etc. 9 U.S.C. § 8. Section 8 of the Act "plainly contemplates that one who has agreed to arbitrate may, nevertheless, prosecute *his cause of action* in admiralty, and protects his opponent's right to arbitration by court order". The Anaconda v. American Sugar Refining Co., 322 U.S. 42, 45, 64 S.Ct. 863, 865, 88 L.Ed. 1117 (1944; emphasis supplied). The libel contemplated by Section 8 is one stating the substantive cause of action claimed to exist; reference in such a libel to the agreement to arbitrate is neither necessary nor appropriate. If, after the libel has been filed, no party asks for an order directing arbitration, then the cause of action set forth in the libel is tried out just as in any other admiralty suit. If a party does wish to invoke the agreement to arbitrate, then a motion may be made under Section 8 in the pending admiralty suit and a petition under Section 4 is neither necessary nor appropriate for such purpose. For example, in Marine Transit Co. v. Dreyfus, 284 U.S. 263, 52 S.Ct. 166, 76 L.Ed. 282 (1932) Marine Transit made a contract to supply bottoms to carry wheat for Dreyfus on the New York Barge Canal; the contract provided for arbitration. Marine Transit loaded the barge Edward A. Ryan with a cargo of wheat belonging to Dreyfus; while in tow on the voyage, the barge sank in the Canal with its cargo. Dreyfus then filed a libel *in rem* against the tug of Marine Transit and *in personam* against Marine Transit "to recover damages for the loss of the wheat" (284 U.S. at 268, 52 S.Ct. at 167, 76 L.Ed. 282). Marine Transit answered the libel. Dreyfus then "moved for a reference of the dispute to arbitration in accordance with the provision of the booking contract" (284 U.S. at 269, 52 S.Ct. at 167, 76 L.Ed. 282). The Supreme Court upheld the granting of this motion *under Section 8,* the confirmation of the award, and the constitutionality of the Arbitration Act. It is especially to be noted that the cause of action set out in the libel by Dreyfus was the ordinary, substantive cause of action by a shipper for loss of cargo.

■ The libel in suit as filed by Greenwich Marine does not state any cause of action against the vessel or against Fidelity. No sum of money is said to be due or owing by Fidelity or the vessel and for aught that appears no sum of money will ever be due or owing by them. The claim is entirely speculative and hypothetical. No liability for cargo damage has been imposed on libelant and while it is said that a claim has been made, in fact no action has been commenced against Libelant.

■ Under Admiralty Rule 56, *if there is a pending suit,* a third party

may be brought into such pending suit if such third party "may be" liable to the respondent "by way of remedy over". Cf. Fed.R.Civ.P. 14(a). But here, of course, there is no pending suit against Greenwich Marine and Admiralty Rule 56 is not applicable.

In some cases, where a party has been sued in a state court and claims a remedy over against a third party for any liability adjudged in the state court action, its libel against the third party in this Court has been sustained before any judgment has been rendered in the state court action. As against the claim of prematurity and thus no cause of action, this Court has treated the libel as "a substitute for the practice under the 56th Admiralty Rule", which Rule, of course, could not be effective in the state court. Moran Towing & Transportation Co. v. United States, 56 F.Supp. 104, 106 (S.D. N.Y.1944). The reasoning of the Moran case has been rejected. Mitsui Steamship Co. Ltd. v. Jarka Corp., 218 F.Supp. 424 (E.D.Pa.1963); see also West Africa Navigation, Ltd. v. Nacirema Operating Co., 191 F.Supp. 131 (E.D.Pa.1961).

In any event, in such cases as Moran suit had actually been commenced in a state court against the libelant in this Court. No such situation exists here.

The exceptions of Fidelity to the libel must, therefore, be sustained.

### Petition by Greenwich Marine for an order directing arbitration

The theory of libelant Greenwich Marine is that it commenced a proceeding to compel arbitration by filing a libel under Section 8 of the Act and that thereafter in the proceeding so commenced it submitted a petition under both Section 4 and Section 8 of the Act for an order directing arbitration. It has been seen that the libel as filed was insufficient because it did not state a cause of action, and the libel must be dismissed.

■ Section 4 and Section 8 of the Act represent *alternative* methods of commencing proceedings in which to compel arbitration. "An aggrieved party has the choice of proceeding either by seizure of property under § 8 or without seizure under § 4". Farr & Co. v. Cia. Intercontinental de Navegacion, etc., 243 F.2d 342, 345 (2d Cir. 1957).

■ A petition may be filed under Section 4 "for an order directing that * * * arbitration proceed in the manner provided for" in the agreement for arbitration between the parties. A petition under Section 4 commences "an independent proceeding for arbitration" (The Sydfold, 25 F.Supp. 662, S.D.N.Y. 1938). Thus, an order under Section 4 directing arbitration is final and appealable, whereas an order under Section 8 directing arbitration is not final and is not appealable because "made in the course of a continuing suit". Farr & Co. v. Cia. Intercontinental de Navegacion etc., above.

The petition of Greenwich Marine under Section 4 (which incorporates by reference the libel under Section 8) may therefore be considered as the institution of an independent proceeding to compel arbitration. Service of notice of the application "shall be made in the manner provided by the Federal Rules of Civil Procedure" (9 U.S.C. § 4). To comply with this provision, service on the *parties* was required but this was not accomplished; service of the petition was made only on their *proctors*.

No point is made by Fidelity as to the defect of service (which in any event could be easily cured) and its proctors appeared generally in opposition to the petition. Proctors for the Ministry did raise in their papers the point as to defective service but this was apparently in order that their motion for a stay might be heard at the same time as the petition and, if heard at the same time (as was the case), the defect was waived; proctors for the Ministry appeared generally in opposition to the petition. The parties therefore appear to be properly before the Court and subject to its jurisdiction.

The charterparty between Greenwich Marine and the Ministry contains the following provision:

"*ARBITRATION CLAUSE NEW YORK:*

"Should any dispute arise between owners and the charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen: Their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the court. The arbitrators shall be commercial men."

Any "dispute" between these parties is therefore subject to arbitration.

There are two such disputes between Greenwich Marine and the Ministry: (1) over the freight of $92,766.69 claimed by Greenwich Marine, and (2) over the claim by the Ministry against Greenwich Marine for $267,787.35 for cargo damage.

■ Clearly the agreement as made requires that these disputes be arbitrated. The Ministry has appointed Mr. Harry D. Hunter, 90 Broad Street, New York 4, New York, as its arbitrator for the freight claim and has not appointed an arbitrator for the cargo damage claim. The Court will appoint Mr. Hunter as arbitrator for the Ministry for the cargo damage claim. 9 U.S.C. § 5.

The charterparty between Greenwich Marine and Fidelity contains the following provision (which, except for its title, is the same as the provision in the charterparty with the Ministry):

"*NEW YORK PRODUCE EXCHANGE ARBITRATION CLAUSE*

"Should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

■ The only question before this Court is whether the claim to indemnity made by Greenwich Marine against Fidelity, presumably denied by Fidelity, is a "dispute" within the meaning of the quoted arbitration clause. The contention of Fidelity is that the claim is premature since no liability has yet been imposed upon Greenwich Marine. This, as already noted, means that no "cause of action" presently exists in Greenwich Marine against Fidelity. But lack of a "cause of action" sufficient to support a libel in admiralty does not mean that no "dispute" exists under an arbitration clause. It is "federal policy to construe liberally arbitration clauses, to find that they cover disputes reasonably contemplated by this language, and to resolve doubts in favor of arbitration". Metro Industrial Painting Corp. v. Terminal Const. Co., 287 F.2d 382 (2d Cir. 1961).

■ The dispute between Greenwich Marine and Fidelity must be arbitrated. The petition is granted as to Fidelity and the Court will appoint an arbitrator for Fidelity. 9 U.S.C. § 5. Mr. Hunter will not be appointed as such arbitrator because the same person should not serve as arbitrator for the Ministry and for Fidelity. The two charterparties are separate and distinct and the arbitrations to be conducted thereunder are, unless otherwise agreed or determined by the arbitrators, separate and distinct.

It would appear sensible by agreement of the parties or of the arbitrators to conduct the two arbitrations at the same time. This Court ought not, however, to compel such a result and if its failure to do so leads to duplication and the risk of conflicting awards, these consequences flow from the signature by Greenwich Marine of two separate and distinct charterparties.

Motion by the Ministry for a stay

The several considerations discussed above indicate that the motion for a stay by the Ministry ought not to be granted.

If the arbitrators in the two arbitrations are able to devise a means for saving time and expense by conducting joint sessions or otherwise, they should certainly be encouraged and permitted, while not compelled, to do so.

The motion for a stay is accordingly denied.

Settle orders on notice.