In the Matter of the Arbitration between VIGO STEAMSHIP CORPORATION, Respondent, and MARSHIP CORPORATION OF MONROVIA, Respondent.

In the Matter of the Arbitration between VIGO STEAMSHIP CORPORATION, Respondent, and FREDERICK SNARE CORPORATION Appellant.

First Department, April 15, 1969.

*Christ Stratakis* of counsel (*Constantine P. Georgiopoulos* with him on the brief; *Poles, Tublin, Patestides & Stratakis,* attorneys), for appellant.

*Thomas J. Doyle* of counsel (*Christophil B. Costas* and *William F. Losquadro* with him on the brief; *Joseph Cardillo, Jr.,* attorney), for Vigo Steamship Corporation, respondent.

McGivern, J. The moving party herein is the Vigo Steamship Corporation, which had chartered a vessel, by name, the *S.S. Nicolas Maris,* from the owner, the Marship Corporation of Monrovia; this was a "time charter". Seven months later, Vigo, the charterer, in turn chartered the vessel to the Frederick Snare Corporation. The latter was a "voyage charter." During the performance of these two separate charter commitments, controversies developed between Vigo and Snare and Vigo and Marship with respect to damages inflicted upon the vessel. In order to resolve these differences by arbitration, as provided for by the separate charter arrangements, Vigo has demanded that Snare name an arbitrator to act for both and proceed to a joint arbitration with all three parties contemporaneously. Snare is willing to appoint an arbitrator and proceed to arbitration with Vigo pursuant to its own charter agreement but recoils from participating in a consolidated arbitration also involving Marship, with which Snare is not in contractual privity. Special Term has issued an order compelling the consolidation. With this order we do not agree.

Although we appreciate the liberality with which New York courts are prone to consolidate actions in order to avoid circuity and duplication of trials, that is not the question before us. Neither do we deal simply with the method of enforcement of agreements to arbitrate ordinary commercial disputes involving an identity of issues by parties privy thereto. (See *Matter of Chariot Textiles Corp.* [*Wannalancit Textile Co.—Kute Kiddies Coats*], 18 N Y 2d 793.) We have what is essentially a maritime matter involving two charter parties separate and distinct, possessed of variances relating to both time and terms. The contract of Snare was with Vigo alone and the consolidation of the proceedings, as ordered by Special Term, would force Snare to arbitrate in a manner to which it did not agree and with a party with which it did not have any contractual relationship whatever concerning issues which are of no concern to it.

This· is not what Snare bargained for. Legitimately, Snare insists there are differences in the terms of the contracts pertaining to the two charter party arrangements: The degree of care, the state in which the vessel should be returned, the stevedore damage clauses, the terms relative to specific cargoes, and the different time periods of the respective contracts. And not unnaturally, Snare shrinks back from hazarding these subtle differences to "commercial men", untrained in the law, and to the possibility of sudden but irrevocable death at their hands as final arbitrators. The confusion that could result from such concurrent hearings, removed from judicial scrutiny, is appreciable. No less real is the apprehension of Snare that the legal obligations of Vigo to Marship could be imperceptibly transferred to Snare. Nor can Vigo complain. It was Vigo, and not Snare, which became signatory to two separate contracts going off in opposite directions at different times.

We recognize the power to consolidate, under certain circumstances which do no violence to the agreement of the parties. However, as was stated by the majority of this court in *Matter of Symphony Fabrics Corp. (Bernson Silk Mills)* (16 A D 2d 473, 474, affd. 12 N Y 2d 409): "Circumstances would in each instance dictate whether a substantial right was being prejudiced". Here, unlike the *Symphony* case, where each of the contracts called for arbitration before the American Arbitration Association, and where selection of an arbitrator was limited under its rules to a selection from its skilled panel of arbitrators, the choice of an arbitrator in the instant case was limited to "commercial men". The susceptibility to prejudice incident to a confusion of issues by "commercial men" however knowledgeable, who might be chosen at random, deliberately or otherwise, as against confusion by a member of a skilled panel of arbitrators cognizant of, if not wholly bound by judicial guidelines, is obvious. Thus, we reach the major area of prejudice. Under the arbitration agreement covering the voyage charter of Snare the basic issue is: What was the *condition* of the ship *at the time it was turned over to Snare?* And at the time of the termination of this charter? The issue between Vigo and the owner relates to the condition of the ship when it was turned over to Vigo, and the extent of the damage done by intervening charterers, other than Snare. These issues are of no concern to Snare and with which he should not be embroiled. In this connection it may be noted that Vigo does not deny that others had chartered the vessel prior to the Snare charter. Participation by all three parties in a survey of the damage to and agreement with respect the cost of remedying such damage reaches

neither the question of liability for this damage nor the circumstances under which such liability may be founded. In *Symphony,* upon which the dissent relies, the court did not deal with a " maritime transaction ", and in that case there was but a single basic issue, " the quality and suitability of the fabric ", which was supplied by Bernson as vendor to Symphony as vendee, under an agreement that it " was to meet the same specifications " as the fabric which this vendee had agreed to supply as vendor under previous contract to Barbara as vendee. The Court of Appeals noted (p. 411): " The only two differences between the contracts were the price and the amount of fabric ordered ". And, as the Court of Appeals further noted (p. 413): " That Symphony wishes to settle its differences with Barbara in the same proceeding should be of no moment to Bernson, since the *same witnesses would be called and the same testimony and evidence introduced, if Barbara were not a party* ". (Emphasis supplied.)

Unlike the *Symphony* case, the witnesses and testimony and evidence requisite to proof of the condition of the ship at the time it was turned over to Snare and the circumstances creating liability for damage, if any, would be entirely different from such as would permit a foundation for liability by Vigo.

Furthermore, we deal with contracts of a maritime character, involving foreign commerce, which properly belong within that body of law developed by the Federal courts, which have consistently refused to compel parties who are not privy to arbitration agreements to arbitrate their disputes. (See *Greenwich Mar.* v. *S. S. Alexandra,* 225 F. Supp. 671, affd. on other grounds 339 F. 2d 901; *Instituto Cubano De Estabilizacion Del Azucar* v. *T/V Golden West,* 128 F. Supp. 754 [U. S. Dist. Ct., S. D., N. Y., 1955], affd. 246 F. 2d 802 [C. A. 2d, 1957], cert. den. 355 U. S. 884 [1957]; *Industria E. Comercio De Minerios* v. *Nova Genuesis Societa,* 172 F. Supp. 569, affd. 310 F. 2d 811 [C. A. 4th, 1962]; *Matter of A/S Ganger Rolf* v. *Zeeland Transp., Ltd.,* 191 F. Supp. 359 [U. S. Dist. Ct., S. D., N. Y., 1961]; also *Prima Paint* v. *Flood & Conklin,* 388 U. S. 395, 405 [1967]; *Matter of Rederi* [*Dow Chem. Co.*], 31 A D 2d 372.) In any event, the relinquishment of rights to complete judicial scrutiny incident to an agreement to arbitrate and the drastic restriction of judicial scrutiny of an award in arbitration, pursuant to the provisions of article 75 of the CPLR, require strict adherence to the provisions of the agreement under which such rights are relinquished, particularly where it appears that a substantial right would be prejudiced by enforced consolidation.

Accordingly, we would reverse on the law and on the facts, with costs and disbursements, and deny movant's petition, grant the cross motion, and direct the petitioner to appoint an arbitrator on its own behalf and proceed to arbitration with the respondent Snare.

STEUER, J. (dissenting). Marship Corporation, owner of the *M/V Nicolas Maris,* leased the ship to Vigo Steamship Corporation on a time charter. During the term of the charter, Vigo leased the ship to Frederick Snare Corporation on a voyage charter. During the voyage the vessel suffered severe damage. All three parties participated in a survey of the damage by independent surveyors and all parties agreed that the damage so done amounted to $335,000. Both charter parties contained arbitration clauses. According to both, arbitration was to be by three arbitrators, one chosen by each party and a third selected by the two so chosen.

Marship demanded arbitration against Vigo and Vigo demanded arbitration against Snare. Following the demands, Vigo moved to consolidate the arbitrations. Marship raised no objection. Snare opposed the application and, upon its being granted, takes this appeal. The specifications of error are that Snare is being compelled to arbitrate against Marship, a party with whom it has no contractual relationship; that in a consolidated proceeding the arbitrators would be prone to error; and that the arbitrations are governed by the Federal Arbitration Act (U. S. Code, tit. 9, § 1 *et seq.*) which does not allow consolidation.

We do not regard any of these contentions as well taken and believe that Special Term was entirely correct in granting the application. Snare is not being compelled to arbitrate with Marship. Whether or not Marship prevails against Vigo under the contract between them can have no effect on whether Vigo would be entitled to recover against Snare, and the presence of all three in the same proceeding does not affect this. It may well be that Vigo will concede liability to Marship as indicated by its professed intention to select as its arbitrator in the proceeding against Snare whatever person is designated by Marship as Marship's arbitrator in its claim against Vigo. This is hardly a ground of objection: in fact, it will remove a ground of objection. If Vigo concedes its liability it cannot be said that the arbitrators would be confused by any distinction in the two charter parties.

It was conceded on argument that, if the parties had proceeded by way of actions at law rather than arbitration, the

resulting lawsuits would have been consolidated and that pragmatic considerations would make any other disposition an abuse of discretion. As we allow consolidation of arbitrations under similar circumstances where no substantial consideration intervenes (*Matter of Symphony Fabrics Corp.* [*Bernson Silk Mills*], 12 N Y 2d 409), it should follow that, unless there is some overriding objection, it should be granted here.

It is claimed that there is such an overriding objection. These being maritime contracts, the right to enforce arbitration rests on Federal law, specifically the Federal Arbitration Act. It is further claimed that under that act consolidation of arbitration proceedings is not permissible. Nothing in the act itself mandates that conclusion. It is argued that the Federal courts have on certain occasions denied applications for consolidation. However, in no such instance, as reported, has the denial been based on the ground that consolidation is forbidden, but rather on the ground that the particular facts involved did not warrant a resort to that procedure.

Even assuming that practice in the Federal courts does not countenance consolidation of arbitration proceedings, that situation would not be determinative of the instant application. It is now not subject to controversy that in maritime matters where judgment *in pais* is sought and the decision would not involve an inroad on the administration of maritime law, State courts have concurrent jurisdiction (*Romero* v. *International Term. Co.*, 358 U. S. 354, 373). And the procedures, including the availability of arbitration, are such as the State law provides (*Red Cross Line* v. *Atlantic Fruit Co.*, 264 U. S. 109, revg. 233 N. Y. 373). It follows that as to matters of procedure State law governs.

The order should be affirmed.

EAGER, J. P., and NUNEZ, J., concur with McGIVERN, J.; STEUER, J., dissents in opinion in which MARKEWICH, J., concurs.

Order entered on October 22, 1968, reversed, on the law and on the facts, with $30 costs and disbursements to appellant, and movant's petition denied and the cross motion of respondent Frederick Snare Corporation granted; and petitioner is directed to appoint an arbitrator on its own behalf and to proceed to arbitration with the respondent Snare.